SEPEHR DAGHIGHIAN, State Bar No. 239349
NATHAN M. TALEI, State Bar No. 281498
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334
E-mail: sepehr@daghighian.com
nathan@daghighian.com

Attorneys for Plaintiffs:
**TSG ADVERTISING, INC. and**
**HOOTERS OF AMERICA, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSG ADVERTISING, INC., a California Corporation, d/b/a SKIVER ADVERTISING, and HOOTERS OF AMERICA, INC., a Georgia Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MARMOSET, LLC, an Oregon Limited Liability Company, HENRY JININGS, an individual, and DOES 1 to 10<br><br>Defendants. | Case No. 8:14-CV-01014-JLS-RNB<br><br>*Assigned for all reasonable purposes to the Honorable Josephine L. Staton, Courtroom 10A*<br><br>**[PROPOSED]** **STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: July 2, 2014 (dkt. 1)<br>Counterclaim filed: October 7, 2014 (dkt. 24) |
| MARMOSET, LLC, an Oregon Limited Liability Company and HENRY JININGS,<br><br>Counterclaimants,<br><br>v.<br><br>TSG ADVERTISING, INC., a California Corporation, d/b/a SKIVER ADVERTISING, and HOOTERS OF AMERICA, INC., a Georgia Limited Liability Company,<br><br>Counterclaim-Defendants. | |

WHEREAS, Plaintiffs/Counterclaim-Defendants TSG Advertising, Inc., a California Corporation, doing business as Skiver Advertising (hereinafter, "**TSG**"), and Hooters of America, LLC, a Georgia Limited Liability Company (hereinafter, "**Hooters**") (TSG and Hooters shall hereinafter be collectively referred to as "**Plaintiffs**"), and Defendants/Counterclaimants Marmoset, LLC, an Oregon Limited Liability Company (hereinafter, "**Marmoset**"), and Henry Jinings, an individual (hereinafter, "**Mr. Jinings**") (Marmoset and Mr. Jinings shall hereinafter be referred to as a "**Defendants**") (Plaintiffs and Defendants shall hereinafter each be referred to as a "**Party**" and collectively as the "**Parties**") recognize that, pursuant to discovery or otherwise during the course of the above-captioned lawsuit between the Parties (hereinafter, the "**Lawsuit**"), the Parties may be required to disclose trade secrets and other private information, confidential research, development, marketing, financial or proprietary commercial and technical information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "**Confidential Information**");

AND WHEREAS, the Parties have, by and through counsel, stipulated to entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order (hereinafter "**Order**") shall control the disclosure, dissemination, and use of Confidential Information in the Lawsuit:

1.   This Order shall govern the production, use and disclosure of confidential documents, things and information produced, used or disclosed in connection with the Lawsuit and designated in accordance with this Order.  A Party may designate information, documents or things produced, used or disclosed in connection with the Lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other Parties, or orally if recorded as

part of a deposition or court proceeding, pursuant to the terms of this Order. Information, documents and things that a Party believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations, or that if disclosed would tend to damage the Party's competitive position, may be designated as "CONFIDENTIAL." Information, documents and things that a Party believes contain or refer to trade secrets or other confidential research, development, technical, business or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the Party's competitive position may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2. In the case of a document or thing, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking each page of the document or thing (or in the case of computer medium on the medium and its label and/or cover) with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Documents printed out from any electronic medium marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be marked by the Printing Party with the same designation as the electronic medium from which they are printed.

3. Information conveyed or discussed in testimony at a deposition shall be subject to this Order, provided that it is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally or in writing either at the time of the deposition or after receipt by the Parties of the deposition transcript. For such time as any information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed in a deposition, the Party whose information, documents or things are to be disclosed shall have the right to exclude from attendance at the deposition any

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

person who is not entitled to receive such information, documents or things pursuant to this Order. In the event that a Party believes that "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information will be disclosed during a deposition, counsel for the Party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." In addition, a Party shall have thirty (30) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate. If, within such thirty (30) days, no Party designates in writing certain portions of the deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all Parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality, subject to the provisions of Paragraph 4 below.

4. The failure of a Party to designate information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Parties understand and acknowledge that a Party's failure to designate information, documents or things as either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at or within the time specified in this Order relieves the other Parties of any obligation of confidentiality until the designation is actually made.

///

///

///

5. Any information, document or thing designated as "CONFIDENTIAL" shall be used by the Receiving Party solely in connection with the Lawsuit and shall not be disclosed to anyone other than:

    a. The Court and Court personnel;

    b. employees of the Parties, provided that:

        i. such disclosure is needed to assist in the prosecution or defense of this action;

        ii. such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and

        iii. before any such employee is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A (attached hereto) and the procedures of Paragraph 7 below must be followed.

    c. Outside counsel of record, and their employees;

    d. Testifying experts, translators, interpreters, investigators, consulting experts and advisors who are independent of and not employed by a competitor of the Producing Party (including, but not limited to, a competitor's suppliers, contractors and operators) who are retained for purposes of the Lawsuit, provided, however, that before any such person is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 7 below must be followed; and

    e. Persons testifying in depositions to the extent the "CONFIDENTIAL" document, thing or information was

authored by, addressed to or received by the person testifying, or such person is established as knowledgeable of such information or thing, or contents of the document, prior to disclosing the information, document or thing.

6. Any information, document or thing designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by the Receiving Party solely in connection with the Lawsuit and shall not be disclosed to anyone other than:

    a. The Court and Court personnel;

    b. Outside counsel of record, and their employees;

    c. Testifying experts, translators, interpreters, investigators, consulting experts and advisors who are independent of and not employed by a competitor of the Producing Party (including, but not limited to, a competitor's suppliers, contractors and operators) who are retained for purposes of the Lawsuit, provided, however, that before any such person is shown or receives any information, document or thing designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form of Exhibit A and the procedures of Paragraph 7 below must be followed; and

    d. Persons testifying in depositions to the extent the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" document, thing or information was authored by, addressed to or received by the person testifying, or such person is established as knowledgeable of such information or thing, or contents of the document, prior to disclosing the information, document or thing.

///

///

7. Each Party specifically reserves the right, on a case by case basis, to request permission to allow a designated employee() to have access to information designated by the other Party as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" upon a showing that such access by the designated employees is necessary for the Requesting Party to address a specific relevant issue in the litigation, and that the issue cannot otherwise be meaningfully addressed by the Requesting Party (e.g., through the employment of an independent expert) without such access by the designated employee(s). The Parties shall make reasonable efforts among themselves to resolve any issues relating to any such requests. If an agreement cannot be reached, the Requesting Party may file a motion with the Court seeking to allow access by the designated employee(s) to the other Party's "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information upon the showing as set forth above.

8. The attorneys of record for the Receiving Party shall retain the original, executed Declarations (in the form of Exhibit A) that have been executed by that Party's employees, testifying experts, translators, interpreters, investigators, consulting experts and advisors.

9. Upon request of the Producing Party, within sixty (60) days after the final disposition of the Lawsuit, including all appeals therefrom, all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all copies of such documents and all papers containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in the possession, custody or control of the Parties and their attorneys, employees, experts, translators, interpreters, investigators, advisors or consultants shall be destroyed or returned to counsel for the Producing Party. Upon request, a Party and his/her/its counsel shall separately provide written certification to the Producing Party that the actions required by this Paragraph 9 have been completed.

///

10. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification or addition to this Order. This Order shall survive the final disposition of the Lawsuit, by judgment, dismissal, settlement or otherwise.

11. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any Party of any information, documents or things that are currently in the Party's lawful possession, custody or control, that later come into the possession of the Party from the public domain or from others lawfully in possession of such information, documents or things who are not parties to the Lawsuit or bound by this Order or a comparable order or obligation, or that are required to be disclosed by any law, regulation, order or rule of any governmental authority; provided, however, that if a Party is required to disclose a document, thing or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the Party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other Parties to afford those Parties the opportunity to seek legal protection from the disclosure of such information, documents or things. However, nothing contained in this Order is intended to be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

12. For any violation of the terms of this Order, any Party shall be free to apply to the Court for any relief that the Party deems appropriate.

13. Neither this Order nor any stipulation therefor, nor any disclosure or use of information, documents or things, in whatever form, pursuant to this Order, shall be deemed an admission, waiver or agreement by any Party that any information, document or thing designated as "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or Confidential Information entitled to protection from disclosure. Further, neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in the Lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Lawsuit.

14. Unintentional production of documents subject to work-product immunity, the attorney-client privilege, or joint-defense privilege, whether through inadvertence, accident, carelessness, negligence, gross negligence, recklessness or otherwise, shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the Producing Party notifies the Receiving Party in writing, with confirmation by first-class mail, of the fact and circumstances of such an alleged unintentional production promptly upon learning of it. Such alleged unintentionally produced documents, and all copies thereof, shall be promptly returned to the Producing Party or destroyed upon request, unless the Receiving Party promptly seeks the Court's determination that (i) the documents are not privileged or protected by work product immunity or (ii) a waiver has occurred, e.g., because the production was not unintentional or the claim of unintentional production was not made promptly. Until the Parties or the Court resolve(s) the issues raised by the Receiving Party, the Receiving Party may not use or disclose the alleged unintentionally produced documents.

15. This Order shall not be construed to foreclose any Party from moving the Court, in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement), for an order that information, documents or things designated as "CONFIDENTIAL" are not confidential or that information, documents or things designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" should be reclassified to a lower level of confidentiality or are not confidential. On a motion to reclassify "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, documents or things at a lower level of confidentiality, the

- 8 -

Non-Moving Party shall have the burden of proving that the need to prevent disclosure of the information, documents or things to the Opposing Party's personnel outweighs the Moving Party's need to disclose the information, documents or things to its personnel. On a motion to designate "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, documents or things as not confidential, the Non-Moving Party shall have the burden of proving that the information, documents or things so designated constitutes and/or contains trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(g). Prior to making any such motion, the Parties shall discuss the matter in good faith to try to resolve or narrow the scope of the subject motion. The information, documents or things shall be treated as originally designated, i.e., "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at least until the Parties agree otherwise or the Court issues an order removing such designation. The finding that information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are actually non-confidential shall not in itself constitute a negation or waiver of the confidentiality of any other information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" of the Producing Party.

16. If a third party produces documents, things or information or provides deposition testimony that it believes contain(s) or refer(s) to information that is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," such third party may mark such documents or things, or identify such information and deposition testimony in accordance with Paragraphs 1 - 3 above, and such documents, things, information and deposition testimony shall be treated by the Parties in accordance with the provisions of this Order as if such documents, things, information and deposition testimony were produced by a Party to this action.

[PROPOSED] STIPULATED PROTECTIVE ORDER

17. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers.

18. Any Party that designates written discovery requests or responses as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall provide upon written request, within two business days from receipt of any such request, a redacted copy of same to all other Parties, to the extent feasible, which removes all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

19. Dissemination of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to third Parties shall be governed as follows:

    a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by U.S. Mail and, if possible, by facsimile) immediately and in no event more than three days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b. The Receiving Party also must immediately inform in writing

the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

c. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

20. Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future.

21. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

22. Nothing in this Order shall require disclosure of materials a Party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This provision shall not, however, be construed to preclude any Party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

23. This Stipulation and Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for a modification of this Protective Order or further or additional protection against or limitation upon production of documents produced in response to discovery.

24. This Stipulation and Protective Order may be executed in counterparts, which taken together shall be deemed to constitute one and the same document. Facsimile or otherwise electronically transmitted signatures shall have the same force and effect as an original.

Dated: February 26, 2015     **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiffs/Counterclaim Defendants

Dated: February 26, 2015     **CAPLAN & ROSS, LLP**

/s/Mark Passin
MARK PASSIN, ESQ.
Attorney for Defendants/Counterclaimants

**IT IS SO ORDERED:**

Date: February 26, 2015     _____
Hon. Robert N. Block
United States Magistrate Judge

- 12 -

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## ATTESTATION CLAUSE

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 26, 2015     **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiffs/Counterclaim Defendants